**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **Tangra Neat-Clarke,** *Plaintiff* | § | |
| **v.** | § | **1:26-CV-01503-ABD-SH** |
| **Texas Association of School Boards, Inc.** *Defendant* | § | |

**ORDER**

Before the Court are Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed June 4, 2026 (Dkt. 2), and Defendant's Advisory to the Court Regarding Plaintiff's Application In Forma Pauperis Status, filed June 9, 2026 (Dkt. 4).[1]

Plaintiff Tangra Neat-Clarke, proceeding *pro se*, is attempting to bring this employment discrimination suit against her former employer, Defendant Texas Association of School Boards, Inc. ("TASB") and seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1).

Under § 1915(a)(1), a district court may permit a plaintiff to file an action in federal court "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that she cannot pay such fees. The district court's decision whether a party may proceed *in forma pauperis* "must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). The movant need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Instead, the question is whether the movant can afford the costs without undue hardship or deprivation of "the necessities of life." *Id.*

[1] The Honorable Andrew Davis referred this case to this Magistrate Judge for disposition of the application to proceed in forma pauperis and any motion for appointment of counsel, and for a prompt recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. § 1915(e), under Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and Judge Davis' Docket Management Standing Order. Dkt. 3.

An *in forma pauperis* applicant must complete "all questions" in the application and sign a declaration stating that all information is truthful "under penalty of perjury." Dkt. 2 at 2. "One who makes this affidavit exposes [herself] to the pains of perjury in a case of bad faith. This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." *Adkins*, 335 U.S. at 338 (citation omitted). "The perjury sanction thus serves to protect the public against misuse of public funds by a litigant with adequate funds of his own, and against the filing of 'frivolous or malicious' lawsuits funded from the public purse." *Rowland v. Ca. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 205 (1993).

In her application, Neat-Clarke avers that she is unemployed, has zero "gross pay or wages," has $3 in cash, and that her monthly expenses are $3,774.00. Dkt. 2 at 1-2. As required, she signed her application, declaring: "I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims." *Id.* at 2.

In its Advisory to the Court, TASB states that

> although Plaintiff states in her In Forma Pauperis Application that she has zero income and essentially no assets, her LinkedIn profile represents that she currently holds two executive-level positions. One is the Chief Operating Officer for ThnkBIG Technologies, a position she has apparently held since November 2022 to present. The second is as the Founder and Fractional Chief Operating Officer for The Neat Creator. The Neat Creator entity apparently provides consulting services to companies at rates varying from $5,000 to $12,000 per month.

Dkt. 4 at 1. TASB attaches screen shots of Neat-Clarke's LinkedIn profile and Neat Creator's website <neatcreator.com> supporting these statements. *Id.* at 4-9. TASB states that it

> has no information at this time on what, if any, income Plaintiff received from these sources, and is not opposed to Plaintiff proceeding in forma pauperis if she truly qualifies to do so. However, out of respect for the limited resources of the Court and taxpayers, Defendant felt it should advise of these apparent potential sources of income that Plaintiff failed to disclose.

Dkt. 4 at 1-2.

Because TASB raises doubts as to the credibility of the allegations in Neat-Clarke's application, the Court **ORDERS** her to file an amended application to proceed in district court without paying fees or costs (the "long form")[2] answering all questions fully and truthfully by **September 25, 2026**. Failure to do so by the deadline will result in a recommendation to Judge Davis that Neat-Clarke's suit should be dismissed for failure to comply with a court order and failure to prosecute.

**SIGNED** on September 8, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

[2] The form application can be found on the Western District of Texas's website at: https://www.txwd.uscourts.gov/wp-content/uploads/filing-without-an-attorney/pro-se-manual/e.-Financial-Affidavit-in-Support-of-Motion-Austin-Only.pdf?_wpnonce=ecfb4a9c5e